UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CAROL BENES, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | No. 05 C 6484 |
| v. | ) ) | Judge John W. Darrah |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; ALBERTSON'S ASC EMPLOYEES' LONG TERM DISABILITY PLAN; ALBERTSON'S INC., INC., and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, as Administrators of ALBERTSON'S ASC EMPLOYEES' LONG TERM DISABILITY PLAN, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Carol Benes, filed suit against Defendants, alleging breach of contract (Count I) and a violation of the Employee Retirement Income Security Act ("ERISA") (Count II). Presently pending before the Court is Defendant's, The Prudential Insurance Company of America's, Motion to Dismiss Count I.

### BACKGROUND

A reading of Plaintiff's Amended Complaint supports the following summary of the alleged conduct of the parties.

Beginning in or around 2000, Benes was an employee for Albertson/American Stores. During her time working for Albertson, Benes was a beneficiary of a Long-Term Disability Coverage Plan (the "Plan") issued by Prudential. Since at least January of 2001, Benes was under a "total disability," as defined by the Plan; and from approximately July 17, 2001, to approximately

September 1, 2003, Prudential paid the benefits for Benes's total disability. From approximately July 17, 2001, through the present, Benes has been, and still is, under a total disability, as defined by the Plan. On or about August 29, 2003, however, Prudential determined that Benes's disability benefits would cease effective September 1, 2003. Benes's subsequent appeal of the denial of her benefits was denied, and she has not received any disability benefits since, approximately, September 1, 2003. Benes specifically pleads that the Plan is governed by ERISA and that she is a participant in the Plan in Paragraphs 15 and 16 of her Amended Complaint, and Prudential admits that both of those allegations are true.

## ANALYSIS

Prudential seeks to dismiss Count I of Benes's Amended Complaint, contending that the state law claim is preempted by ERISA.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If there are no set of facts that would entitle the plaintiff to relief, dismissal is warranted. *See Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) (*Stachowski*).

Prudential has allegedly improperly refused to pay Benes's disability benefits since about September 1, 2003. If the Plan at issue is an ERISA plan, and if Prudential has improperly refused to pay for portions of Benes's disability benefits, ERISA provides Benes with the right to bring a

civil action in order to recover her benefits. 29 U.S.C. § 1132. ERISA also, however, preempts certain claims and limits the ways a plaintiff can attempt to recover damages.

Generally, ERISA claims preempt state law claims that seek benefits under an ERISA plan as a remedy. 29 U.S.C. § 1144(a). If the existence of an ERISA plan is a critical factor in establishing liability under state law, the state law claim relates to an ERISA plan and is preempted. *See Ingersoll-Rand Co. v. McClendon*, 298 U.S. 133, 139-40 (1990). State law claims for breach of contract are preempted by ERISA and should be dismissed when they relate to or have a connection with a plan governed by ERISA. *See Collins v. Ralston Purina Co.*, 147 F.3d 592 (7th Cir. 1998); *Plumb v. Fluid Pump Serv. Inc.*, 124 F.3d 849, 857 (7th Cir. 1997).

In Benes's attempt to bring her breach of contract claim under state law, the existence of the ERISA Plan is critical to establishing grounds for the claim. Without the Plan issued to Benes, there would be no grounds for a breach of contract claim. As such, if the Plan is an ERISA plan, Benes's claim of breach of contract is preempted.

In an attempt to avoid ERISA preemption standards, Benes claims that she alleges an ERISA violation in the alternative to her state law breach of contract allegations. Benes contends that she has done this in an effort to maintain her ability to bring a claim against Defendants, whether the Plan is governed by ERISA or not and whether she is a participant in the Plan or not.

Benes alleges that her alternative claims are necessary to insure that she will be left with some recourse, regardless of the outcome of the factual inquiry into whether the Plan is governed by ERISA and whether she is a participant in that Plan. However, if Benes's allegations in

3

Count I are correct and the Plan is not governed by ERISA, then this Court would cease to have subject matter jurisdiction over the suit under ERISA; and this Court would lack supplemental jurisdiction over Benes's breach of contract claim because this Court would no longer have original jurisdiction for any matter of the suit.

The question of Plaintiff's recovery under the ERISA Plan does not provide the opportunity to alternatively plead state law claims. *See Lister v. Stark*, 890 F.2d 941, 946 (7th Cir. 1989). The chance that an ERISA claim will fail is not enough to circumvent the general presumption that plaintiffs are not allowed to plead alternative claims. *See Clark v. Hewitt Associates*, 294 F.Supp.2d 946, 953 (N.D. Ill. 2003).

Therefore, Count I of Benes's Amended Complaint must be dismissed. Defendants' admit that the Plan is governed by ERISA and that Benes is a participant in the Plan. Her breach of contract claim is, therefore, preempted.

## CONCLUSION

For the foregoing reasons, Prudential's Motion to Dismiss Count I is granted. Count I of Plaintiff's Amended Complaint is dismissed with prejudice.

Dated: April 26, 2006

JOHN W. DARRAH
United States District Court Judge